## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RONNIE CHARLES NUNN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-08-3718 |
| | § | |
| R. DEWAYNE BURGER, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER OF DISMISSAL

Ronnie Charles Nunn, TDCJ-CID #874604, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 complaint against five employees of the Austin County Jail. He alleges that his constitutional and state law rights were violated when he fell while exiting a jail transportation van, and that a prison officer failed to follow an emergency medical technician's treatment instructions. The threshold question is whether plaintiff's claims should be allowed to proceed under 28 U.S.C. § 1915A.

Finding that no federal rights have been implicated, the Court DISMISSES this lawsuit for failure to state a claim under section 1983, as follows.

### Background and Claims

Plaintiff claims that on April 22, 2008, while exiting the Austin County Jail's Ford transportation van as a pretrial detainee, his leg restraints became caught on the van's wire mesh bottom step, causing him to fall and injure his back and neck. Plaintiff claims that the bottom step was not an authorized accessory manufactured by the Ford Motor Company, but

rather was designed, constructed, and installed by other individuals or entities.  He argues that the defendants were negligent in installing the "homemade contraption" and in failing to warn him of the dangerous "illusory" bottom step.  Plaintiff further claims that the defendants were deliberately indifferent to his safety because shortly after his accident, the jail installed a larger bottom step on the van and stopped requiring leg restraints while prisoners disembarked from the van.

He additionally claims that the defendants maintained a policy or practice of hiring unqualified personnel and not training them, and allowing the jail's transportation van to be negligently operated and modified.  He also complains that the defendants failed to supervise the transportation employees, failed to purchase a properly-equipped transportation vehicle, and failed to ensure that the van was not equipped with defective and inadequate equipment.

Plaintiff further asserts that, following the incident, defendant Green failed to comply with an emergency medical technician's instructions that he be examined by a physician and be given Ibuprofen and pain medication.  Plaintiff states that he remained in pain until he was seen by a physician two days later, and that he did not receive pain medication until after it was ordered by the physician.

Plaintiff sues the five municipal employee defendants – R. DeWayne Burger, Richard Holloman, Captain Green, Sergeant Drake, and David Ewall – in their official and individual capacities, and seeks compensatory damages for his physical and mental injuries.[1]

_____

[1]To the extent plaintiff attempts to raise a supplemental claim regarding a jail officer's interference with his constitutional right to pursue a jail grievance, state inmates enjoy no such

### *Standard of Review*

Because plaintiff was a state prisoner at the time he filed this lawsuit, his complaint is governed by the Prison Litigation Reform Act ("PLRA").  Under the PLRA, the district court is to screen a prisoner's complaint and scrutinize the claims.  It must dismiss the complaint, in whole or in part, if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  An action is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  A complaint lacks an arguable basis in fact if the facts alleged are clearly baseless.  *Talib*, 138 F.3d at 213.  Although a *pro se* litigant's pleadings are to be construed liberally, *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

The same standards for review of a motion to dismiss under Rule 12(b)(6) apply to a court's *sua sponte* dismissal under section 1915A.  *Hart v. Hairston*, 343 F.3d 762, 763–64 (5th Cir. 2003).  In reviewing plaintiff's pleadings, this Court takes the factual allegations

---

constitutional right.  *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).  Regardless, the Court is dismissing this lawsuit for reasons other than failure to exhaust.

in his pleadings as true, and draws all reasonable inferences, and resolves ambiguities, in the plaintiff's favor. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, conclusory or legal conclusions asserted as factual allegations will not suffice to prevent a dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *see also Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Nor will bare recitals of the elements of a cause of action, supported by mere conclusory statements, suffice to prevent dismissal for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007).

Under *Iqbal–Twombly*'s two-pronged approach, the Court must determine whether the pleadings contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 555. The first step for the Court is to determine those pleadings that are more than just "mere conclusions" and thus are entitled to the presumption of truth. *Iqbal*, 129 S. Ct. at 1949–50. Then, assuming the veracity of these facts, the Court must determine whether the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and "plausibly give[s] rise to an entitlement to relief." *Id*.; *see also Rhodes v. Prince*, 360 F. App'x 555, 557 (5th Cir. 2010). If the pleadings fail to meet the requirements of *Iqbal* and *Twombly*, no viable claim is stated and the lawsuit is subject to dismissal.

In the instant case, plaintiff must make a plausible showing that the defendants knew of and disregarded an excessive risk that he would be injured by the bottom step while

4

exiting the van restrained. *See Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002).

He must also make a plausible showing that defendant Green knew of and disregarded an

excessive risk to plaintiff regarding his serious medical needs in not following the emergency

medical technician's instructions.

### *Analysis*

A.    *Eleventh Amendment Immunity*

As a preliminary matter, none of plaintiff's claims for monetary damages against the

defendants in their official capacities may stand, as these claims are barred by Eleventh

Amendment immunity. The defendants are officials or employees of the Austin County Jail

and, thus, of Austin County. A suit against a government official or employee in his official

capacity is actually a suit against the governmental entity that employs him. *See Kentucky*

*v. Graham*, 473 U.S. 158, 166 (1985); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir.

2002).

To establish liability under section 1983 in an official capacity action, a plaintiff must

show that an official government policy or custom was the moving force behind the alleged

civil rights deprivation. *See, e.g., James v. Harris County*, 577 F.3d 612, 617–18 (5th Cir.

2009). Plaintiff sets forth no factual allegations in his complaint sufficiently showing that

an official government policy or custom was the moving force behind his asserted civil rights

deprivations, and his claims against the defendants in their official capacities are

DISMISSED.

5

B.     *Section 1983 Claims Based in Negligence*

Plaintiff asserts numerous negligence and other state law tort-based claims against the defendants, such as failure to purchase and maintain a safe jail transportation vehicle, installing a defective and/or non-standardized bottom step, allowing county equipment to be operated, maintained, and modified in a negligent manner, failing to warn plaintiff of the "illusory" bottom step, and negligent hiring, training, and supervision regarding vehicle maintenance.  (Docket Entry No. 1, p. 4.)  These assertions, even if they were not conclusory, do not state claims for relief under section 1983.

The United States Supreme Court has made clear that negligent conduct on the part of government officials is not actionable under section 1983.  In *Daniels v. Williams*, 474 U.S. 327, 328 (1986), a prisoner sued prison officials under section 1983, alleging that he was injured when he slipped on a pillow negligently left on a staircase by a prison employee. The Supreme Court held that negligent conduct on the part of government officials does not give rise to a constitutional violation.  *Id*. at 332–33.  "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  *Baker v. McCollan*, 443 U.S. 137, 146 (1979); *see also Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

Accordingly, plaintiff's federal claims asserting negligence and related tort law claims fail to state a claim for purposes of section 1983 and are DISMISSED.

6

C.    *Individual Capacity Claims for Deliberate Indifference to Safety*

Plaintiff's deliberate indifference claims against the defendants in their individual capacities, however, are not barred by the Eleventh Amendment.

Deliberate indifference is an extremely high standard to meet.  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). To hold liable an individual state or municipal defendant, a plaintiff must establish that the individual acted with subjective deliberate indifference in order to demonstrate a violation of his constitutional rights.  *Id.*  The defendant acts with subjective indifference if he knows that an inmate or detainee faces a substantial risk of serious bodily harm and disregards that risk by failing to take reasonable measures to abate it.  *Id.*  To act with deliberate indifference, a government employee or officer must know of and disregard an excessive risk to inmate health or safety; the officer must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).  But an officer's failure to alleviate a significant risk that he should have perceived but did not, does not rise to the level of deliberate indifference.  *Farmer*, 511 U.S. at 837–38.  Therefore, the Supreme Court has cautioned that "courts should be careful to ensure that the requirement of subjective culpability is not lost.  It is not enough merely to find that a reasonable person would have known, or that the defendant should have known[.] "  *Id.* at 843 n. 6.

7

Here, plaintiff's pleadings show that his claims and injuries arose from a single episode – his falling from the bottom step of the van on April 22, 2008.  His factual allegations do not establish that any defendant acted, or failed to act, with subjective deliberate indifference to plaintiff's safety in exiting the van.  Plaintiff asserts that the defendants "knew" the step was dangerous because they replaced it shortly after the accident and no longer required inmates to exit the van with leg restraints.  This assertion may arguably show that jail officers became aware of the safety risk once plaintiff fell, but it does not, however, act to show that the defendants had subjective knowledge of any risk to plaintiff's safety *prior* to the incident of April 22, 2008.  Accepting as true his assertions that he fell when his leg restraints became caught on the van's lower step and that the step was not made by the Ford Motor Company, plaintiff fails to set forth factual allegations sufficient to state a plausible claim that the defendants were deliberately indifferent to his safety on April 22, 2008.

Plaintiff's allegations against the defendants for deliberate indifference to his safety fail to state a plausible claim under section 1983 and the claim is DISMISSED.

D.    *Individual Capacity Claims for Deliberate Indifference to Medical Needs*

Plaintiff alleges that, following his fall from the van, an emergency medical ("EMS") technician told defendant Green to have him examined by a physician and to give him Ibuprofen or other pain medication.  Plaintiff states that Green failed to follow these instructions in that he was not examined by a physician until two days later and not given any

8

medication until after the medications were ordered by the physician.  (Docket Entry No. 1, p. 12.)  Plaintiff states that Green was "deliberately indifferent toward Plaintiff Nunn by his failure to adhere to the instructed instructions of the EMS personnel" to "get me pain medication(s) and get me to a doctor[.]"  *Id.*, p. 8.

Construed liberally, plaintiff claims that defendant Green was deliberately indifferent to plaintiff's serious medical needs by not following the EMS technician's instructions. Deliberate indifference to a prisoner's serious medical needs in violation of the federal constitution is actionable under section 1983.  *Victoria W.*, 369 F.3d at 483; *see also Estelle v Gamble*, 429 U.S. 97, 104, 106 (1976).  The Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate test for deliberate indifference. *Farmer*, 511 U.S. at 839.  Thus, a prison official acts with deliberate indifference only if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.  *Id*. at 847.  For an officer to act with deliberate indifference, the officer must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837.  Acts of negligence or neglect are insufficient to give rise to a section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff's claim against Green for deliberate indifference is premised on his allegation that Green did not adhere to the EMS technician's instructions.  However, plaintiff's own pleadings show that he *did* receive medications and an examination by a physician.  (Docket

Entry No. 1, pp. 8, 12.)   Accordingly, plaintiff's claim against Green for deliberate indifference based on his failure to follow the EMS technician's instructions is negated by plaintiff's factual allegations.

Construed liberally, plaintiff's allegation also raises a claim against Green for deliberate indifference to serious medical needs premised on the fact that plaintiff was not subsequently seen by a physician or provided medications until two days after the incident. Under this claim, the alleged deliberate indifference arises not from Green's failure to adhere to the EMS technician's instructions, but from the two-day delay plaintiff experienced in receiving medications and a doctor's visit.   In asserting this claim against Green in his individual capacity, plaintiff must allege facts establishing Green's personal involvement, as personal involvement by a defendant is an essential element of a section 1983 claim. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).   Plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation.  *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).   Accordingly, plaintiff must presents facts showing that Green was personally involved in his not receiving medications or a doctor's visit until two days after the incident.   Without factual allegations of Green's personal involvement, neither deliberate indifference nor any other constitutional violation by Green can be sufficiently stated.

Here, plaintiff states that, on April 22 and April 23, he "pushed the emergency button in cell #2 on B-side of jail, requesting to see the doctor," and that he was "being threaten (sic)

*by other control picket officers* on these days that if I don't stop pushing that emergency button for medical treatment that I would be put in solitary[.]"  (Docket Entry No. 1, p. 12, emphasis added.)  Plaintiff does not allege that it was Green who ignored his requests for medical attention or threatened him with solitary confinement for repeatedly pushing the emergency button.   Further, plaintiff does not allege that it was Green's job duty or responsibility to obtain plaintiff's medications and physician visit or that Green was authorized to administer, or order the administration of, medication to plaintiff without a physician's order.   Absent these or similar allegations, plaintiff fails to present facts establishing that Green was personally involved in the two-day delay, and he fails to state a plausible claim against Green under section 1983.

Nor does plaintiff assert a viable claim against Green as a supervisory official.  In this regard, in order for there to be liability on the part of a supervisory official, it is necessary for a plaintiff to allege either direct personal involvement by the official in the constitutional violation alleged, or some causal connection between the supervisory official and the violation.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).  Plaintiff asserts neither of these essential allegations.  Even had plaintiff alleged that Green was responsible for the actions of his subordinate officers or co-employees, his bare allegation would be insufficient to state a plausible claim against Green under section 1983.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

In conclusion, plaintiff fails to provide facts sufficient to raise a plausible claim that defendant Green was deliberately indifferent to his serious medical needs, and the claim is DISMISSED.

E.    *Claims for Improper Hiring, Training, and Supervision*

Plaintiff asserts that the defendants had a policy and practice of not hiring qualified people and not properly training employees, and that this lack of training and oversight caused or contributed to his injury.

To the extent plaintiff claims that the defendants maintained a policy or practice of hiring unqualified jail personnel and not training personnel, his assertions are conclusory and unsupported by factual allegations.  The instant, single-episode incident does not support a claim for a constitutional violation grounded in "policy or practice," nor does plaintiff assert with supporting facts any specific policy or practice. *See Worsham v. City of Pasadena*, 881 F.2d 1336, 1339–40 (5th Cir. 1989).

Plaintiff fails to provide facts sufficient to state a plausible claim for improper hiring, training, and supervision, and his claim is DISMISSED for failure to state a claim under section 1983.

F.    *Municipal Liability*

Plaintiff does not name Austin County as a defendant.  He nevertheless argues in his pleadings that "the county is also liable for the conduct of each defendant as employee [sic]

12

acting within the course and scope of their employee [sic]" pursuant to the Texas Civil Practices and Remedies Code.

Plaintiff's assertions fail to raise a claim against the county, as municipal liability under section 1983 may not be predicated on *respondeat superior*. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, to establish municipal liability under section 1983, a plaintiff must allege and show that a municipal employee violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528–29 (5th Cir. 1999).

To demonstrate subjective deliberate indifference under the first prong, a plaintiff must show that the municipal employee knew of and disregarded an excessive risk to plaintiff's health or safety. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Under the second prong, the plaintiff must identify a policymaker and show that an official policy was the "moving force" behind the municipal employee's allegedly unconstitutional act. *Piotrowski*, 237 F.3d at 578. The Fifth Circuit recognizes an official policy or custom as (1) a written policy or procedure that is officially adopted or promulgated by the policymaking authorities of a governmental agency, or (2) a persistent, widespread practice of governmental agency officials or employees which, although not officially promulgated or adopted, is so common and well settled as to constitute a policy or custom that fairly

13

represents the agency's policy. *Id*. at 579.   Deliberate indifference on the part of a policymaker cannot generally be shown from a single episode or violation of an inmate's constitutional rights. *Thompson v. Upshur County*, 245 F.3d 447, 463 (5th Cir. 2001). Moreover, the failure to follow policy or procedural guidelines, standing alone, does not implicate municipal liability. *Evans v. City of Marlin*, 986 F.2d 104, 108 n. 6 (5th Cir. 1993).

If a plaintiff is unable to show that a municipal employee acted with subjective deliberate indifference, the municipality cannot be held liable for an episodic act or omission. *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *Olabisiomotosho*, 185 F.3d at 529.   Even if an officer acted with subjective deliberate indifference, a plaintiff must still show that the employee's act resulted from a municipal policy adopted or maintained with objective deliberate indifference to the inmate's rights. *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997); *see also Evans*, 986 F.2d at 108 (holding that police officer's failure to implement procedures for the safe incarceration of inmates that resulted in a prisoner's suicide did not create municipal liability).

Plaintiff in the instant case fails to identify a policymaker or a specific policy that was the moving force behind the defendants' alleged violations of his constitutional rights, and he fails to state factual allegations sufficient to raise a plausible claim for municipal liability. Regardless, plaintiff has not alleged a plausible constitutional claim under section 1983 against the defendants and, accordingly, establishes no basis for municipal liability.

14

### *State Law Claims*

Plaintiff asserts state law claims under this Court's supplemental jurisdiction.  28 U.S.C. § 1367.  Under 28 U.S.C. § 1367(c)(3), a federal court may decline to exercise supplemental jurisdiction over state law claims where the district court has dismissed all claims over which it has original jurisdiction.  Because plaintiff's federal claims are dismissed, this Court declines to exercise jurisdiction over whatever state law claims plaintiff might have raised.  This ruling does not preclude plaintiff from pursuing such claims in an appropriate state court forum as may be authorized under applicable state law.

### *Conclusion*

Pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), plaintiff's federal claims are DISMISSED WITH PREJUDICE for failure to state a claim.  Plaintiff's negligence and related state law claims are DISMISSED WITHOUT PREJUDICE.  All pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties

Signed at Houston, Texas on March 22, 2012.

Gray H. Miller
United States District Judge

15